UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN CHRISTOPHER WRIGHT,

Plaintiff,

v.

MELISSA MARIE WRIGHT, *et al.*,

Defendants.

CASE NO. 3:20-cv-06229-RJB

ORDER TO SHOW CAUSE
OR AMEND PROPOSED
COMPLAINT

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* ("IFP"), which the District Court has referred to the undersigned as authorized by Amended General Order 02-19. *See* Dkt. 1.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court may dismiss a proposed complaint where a plaintiff seeks to proceed IFP and the proposed complaint fails to state a claim or is frivolous or malicious. Here, although plaintiff qualifies financially to proceed IFP, his proposed complaint fails to state a claim upon which relief can be granted, as discussed herein. The Court will provide plaintiff with an opportunity to amend his proposed complaint to correct the deficiencies

identified in this Order; however, the Court declines to rule on his IFP application until plaintiff has done so. Moreover, plaintiff's failure to timely comply with this Order will result in a recommendation that the matter be dismissed without prejudice.

## BACKGROUND

Plaintiff filed a deficient IFP application on December 18, 2020 (Dkt. 1) that was corrected on December 22, 2020. Dkt. 3. In his proposed complaint, filed pursuant to 42 U.S.C. § 1983, plaintiff seeks to bring claims against three private individuals: Melissa Marie Oaks (plaintiff's ex-wife), Brooks A. Ray (defendant Oaks' private attorney), and Cidney Danuser (defendant Oaks' husband) for alleged violations of plaintiff's right to due process under the Fourteenth Amendment and plaintiff's constitutional right to marriage. *See* Dkt. 1-1, at 1–2, 4.

Specifically, plaintiff alleges that defendants made "false misrepresentation of court documents" that induced plaintiff into paying defendant Oaks money for child support. Dkt. 1-1, at 2–3. Plaintiff alleges that these documents contained allegedly forged signatures of plaintiff's former attorney and an Oklahoma State court judge. *See id.* at 3. Plaintiff alleges that although he paid child support to defendant Oaks, the Oklahoma DHS Child Support Enforcement Agency did not credit these payments toward any debt owed. *See id.* at 3, 9.

Plaintiff further alleges that in 2014, defendants Oaks and Ray instituted frivolous litigation against plaintiff for the dissolution of plaintiff and defendant Oaks' marriage. *See* Dkt. 1-1, at 3–4. However, plaintiff alleges that at the time of this litigation, defendant Oaks was already married to defendant Danuser and that plaintiff's marriage with defendant Oaks "never existed." *Id.* Plaintiff alleges that defendants' frivolous litigation against him caused his employment with the U.S. Military to be terminated. *See id.* at 3, 7, 14. Although not entirely

1  clear when plaintiff was discharged, he seeks damages for lost wages dating back to 2014. *See*
2  Dkt. 1-1, at 7.

3  Plaintiff further alleges that in April 2016 and May 2016, defendants allegedly filed
4  documents with an Oklahoma State court purporting service of summons on plaintiff. *See* Dkt.
5  1-1, at 4. However, plaintiff alleges that these documents were false. *See id.* Plaintiff also
6  alleges that as a result of defendants' frivolous litigation, the Oklahoma DHS Child Enforcement
7  Agency, the Arkansas Office of Child Support Enforcement Agency, and the United States
8  Treasury have instituted enforcement actions against plaintiff. *See id.* at 5.

9  Based on the foregoing, plaintiff alleges that defendants violated his constitutional right
10 to due process under the Fourteenth Amendment and plaintiff's right of marriage. *See* Dkt. 1-1,
11 at 1, 4–5. Plaintiff also appears to assert state law claims regarding defendants' alleged
12 misrepresentations of fact and interference with his prior employment. *See id.* at (citing RCW
13 4.56.250, 74.09.210). Plaintiff seeks compensatory and punitive damages, as well as three writs
14 of mandamus ordering the Oklahoma DHS Child Enforcement Agency, the Arkansas Office of
15 Child Support Enforcement Agency, and the United States Treasury to cease enforcement of
16 child support enforcement actions. *See id.* at 6.

17                                         **DISCUSSION**
18        **I.        Legal Standards**

19  Section 1983 provides a remedy where a person acting under color of state law "subjects,
20 or causes to be subjected," plaintiff to "the deprivation of any rights, privileges, or immunities
21 secured by the Constitution" and the laws of the United States. 42 U.S.C. § 1983.

22  A pleading must contain a "short and plain statement of the claim showing that the
23 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement demands "more than an
24

1  unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,

2  678 (2009). The complaint must provide more than "'labels and conclusions' or 'a formulaic

3  recitation of the elements of a cause of action[.]'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

4  550 U.S. 544, 555 (2007)). Moreover, the complaint "must contain sufficient factual matter,

5  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*,

6  550 U.S. at 570).

7  Although this Court will interpret a *pro se* complaint liberally, it "may not supply

8  essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of*

9  *Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). This Court will also grant leave to amend unless it

10  appears that there is no set of factual allegations that could cure the pleading. *See Lopez v.*

11  *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

12  **II.  Section 1983 Claims**

13  In order to assert a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that (1)

14  he suffered a violation of rights protected by the Constitution or created by a federal statute, and

15  (2) the violation was proximately caused by a person acting under color of state law. *See*

16  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff must allege facts showing

17  how individually named defendants caused, or personally participated in causing, the harm

18  alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). "While

19  generally not applicable to private parties, a § 1983 action can lie against a private party when he

20  is a willful participant in joint action with the State or its agents." *Kirtley v. Rainey*, 326 F.3d

21  1088, 1092 (9th Cir. 2003) (internal quotation omitted).

22  In his proposed complaint, plaintiff names defendants Oaks (plaintiff's ex-wife), Ray

23  (defendant Oaks' attorney), and Danuser (defendant Oaks' husband). *See* Dkt. 1-1, at 2.

24


1    Although plaintiff generally states that the Court has "jurisdiction for injunctions against officials
2    acting on behalf of [S]tates" (Dkt. 1-1, at 5), these individuals do not appear to be state
3    government employees, and plaintiff has not alleged that these apparently private defendants
4    participated in any joint action with any State or its agents.  Therefore, defendants are not subject
5    to suit under § 1983 because they do not operate under the color of state law.  *Price v. State of*
6    *Hawaii*, 939 F.2d 702, 707–708 (9th Cir. 1991).

7           Additionally, a private attorney, such as defendant Ray, is generally not considered a
8    state actor in § 1983 actions.  *See Simmons v. Sacramento Cty. Super. Ct.*, 318 F.3d 1156, 1161
9    (9th Cir. 2003); *see also Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988) ("[M]erely
10   resorting to the courts and being on the winning side of a lawsuit does not make a [private] party
11   a joint actor" with a State official.).  Accordingly, if plaintiff wishes to proceed with his claims
12   against defendants Oaks, Ray, and Danuser, he must explain why each of these individuals are
13   state actors subject to suit under Section 1983.

14           Further, although plaintiff does not specifically name the Oklahoma DHS Child
15   Enforcement Agency, the Arkansas Office of Child Support Enforcement Agency, and the
16   United States Treasury as defendants in this matter, he seeks relief from enforcement actions
17   brought by these agencies against him.  *See* Dkt. 1-1, at 8.  To the extent that plaintiff is
18   attempting to name State and federal agencies as parties in his proposed complaint, these
19   agencies are not subject to suit under § 1983.  *See Howlett v. Rose*, 496 U.S. 356, 365 (1990) (a
20   governmental agency that is an arm of the state is not a person for purposes of § 1983); *FDIC v.*
21   *Meyer*, 510 U.S. 471, 486 (1994) (federal agencies are not subject to suit under *Bivens v. Six*
22   *Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)).

23
24

1  Finally, to the extent that plaintiff attempts to challenge the validity of state court
2  proceedings regarding the dissolution of his marriage with defendant Oaks and related child
3  support orders, the Court does not have jurisdiction to review those state court decisions. *See*
4  *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898–99 (9th Cir. 2003). Therefore, plaintiff's potential
5  claims challenging the Oklahoma State court proceedings (Dkt. 1-1, at 2–4) are barred.

### III. State Law Claims

Because plaintiff has not alleged any cognizable federal claims, the Court does not reach the viability of his state law claims relating to defendants' alleged misrepresentation of facts or interference with plaintiff's employment. Plaintiff should be aware that if he is unable to state viable claims under federal law, his remaining claims may be subject to dismissal without prejudice. *See* 28 U.S.C. § 1367(c)

### IV. Leave to Amend Proposed Complaint

"A district court should not dismiss a pro se complaint [with prejudice] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). The Court finds that it is not absolutely clear that plaintiff's claims in his proposed complaint may not be cured by amendment. Therefore, the Court grants plaintiff leave to amend.

### CONCLUSION AND DIRECTION TO PLAINTIFF

Due to the deficiencies described above, the Court declines to rule on plaintiff's IFP application at this time. If plaintiff still wishes to pursue his claims, he must file an amended proposed complaint in support of his IFP application on or before **February 18, 2021**. Any amended proposed complaint will serve as a complete substitute for plaintiff's current proposed complaint. The amended proposed complaint must include a short, plain statement telling the

Court: (1) the constitution and / or federal statutory rights plaintiff believes were violated; (2) the name or names of the person or persons who violated the rights; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional or statutory rights; and (5) what specific injury plaintiff suffered because of each defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 77 (1976).

If plaintiff fails to file an amended proposed complaint on or before **February 18, 2021**, the undersigned will recommend denial of plaintiff's IFP application (Dkt. 1) and dismissal of this action.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint for a person not in custody. The Clerk is further directed to send a copy of this Order to plaintiff.

Dated this 19th day of January, 2021.

J. Richard Creatura
United States Magistrate Judge