1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN CHRISTOPHER WRIGHT,

Plaintiff,

v.

MELISSA MARIE WRIGHT, *et al.*,

Defendants.

CASE NO. 3:20-cv-06229-RJB

REPORT AND
RECOMMENDATION

NOTED FOR:  March 19, 2021

The District Court has referred plaintiff's application to proceed *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura.  *See* Dkt. 1.  The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B) and Magistrate Judge Rules MJR3 and MJR4.

This matter is before the Court on the undersigned's Order to Show Cause or Amend Proposed Complaint.  *See* Dkt. 5.  Plaintiff, proceeding *pro se*, has not responded to the Court's order, despite that the deadline to do so was on February 18, 2021.  *See id.* at 5.

REPORT AND RECOMMENDATION - 1

1    Because plaintiff failed to timely respond to the Court's order to show cause (Dkt. 5), the

2    undersigned recommends denying plaintiff's *in forma pauperis* application (Dkt. 1), dismissing

3    this action without prejudice, and striking the pending proposed motion for preliminary

4    injunction from the docket.  *See* Dkt. 4.

5                                         **DISCUSSION**

6         In his proposed complaint, filed pursuant to 42 U.S.C. § 1983, plaintiff alleges that

7    defendants Melissa Marie Oaks (plaintiff's ex-wife), Brooks A. Ray (defendant Oaks' private

8    attorney), and Cidney Danuser (defendant Oaks' husband) violated his right to due process under

9    the Fourteenth Amendment and his constitutional right to marriage.  *See* Dkt. 1-1, at 1–2, 4.

10   Specifically, plaintiff alleges that defendants made "false misrepresentation[s] [in] court

11   documents," including forged signatures of plaintiff's former attorney and an Oklahoma State

12   court judge, that induced plaintiff into paying child support to defendant Oaks.  *Id.* at 2–3.

13   Plaintiff further alleges that although he paid child support to defendant Oaks, the Oklahoma

14   DHS Child Support Enforcement Agency did not credit these payments toward any debt owed.

15   *See id.* at 3, 9.

16        Plaintiff further alleges that in 2014, defendant Oaks and Ray instituted frivolous

17   litigation against plaintiff for the dissolution of plaintiff and defendant Oaks' marriage, which

18   allegedly caused plaintiff's employment with the U.S. Military to be terminated.  *See* Dkt. 1-1, at

19   3–4, 7, 14.  Plaintiff further alleges that at the time of the "frivolous litigation," defendant Oaks

20   was already married to defendant Danuser and that plaintiff's marriage with defendant Oaks

21   "never existed."  *Id.* at 3–4.

22        Finally, plaintiff alleges that in April 2016 and May 2016, defendants allegedly filed

23   documents with an Oklahoma State court purporting service of summons on plaintiff.  *See* Dkt.

24

1   1-1, at 4.  However, plaintiff contends that these documents were false.  *See id.*  Plaintiff alleges

2   that as a result of this frivolous litigation, the Oklahoma DHS Child Enforcement Agency, the

3   Arkansas Office of Child Support Enforcement Agency, and the United States Treasury have

4   instituted actions against plaintiff.  *See id.* at 5.

5       Based on the foregoing, plaintiff alleges that defendants violated his constitutional right

6   to due process under the Fourteenth Amendment and his right of marriage.  *See* Dkt. 1-1, at 1, 4–

7   5.  Plaintiff also appears to assert state law claims regarding defendants' alleged

8   misrepresentations of fact and interference with his prior employment.  *See id.* at 6 (citing RCW

9   4.56.250, 74.09.210).  Plaintiff seeks compensatory and punitive damages, as well as three writs

10  of mandamus ordering the Oklahoma DHS Child Enforcement Agency, the Arkansas Office of

11  Child Support Enforcement Agency, and the United States Treasury to cease enforcement of

12  child support enforcement actions.  *See id.*

13      On January 19, 2021, the Court ordered plaintiff to amend his proposed complaint on the

14  basis that he failed to state any claim upon which relief can be granted.  *See* Dkt. 5.  Specifically,

15  the Court stated that plaintiff failed allege sufficient facts to demonstrate how defendants Oaks,

16  Ray, and Danuser, who apparently are private individuals, are subject to suit as government

17  actors under 42 U.S.C. § 1983.  *See id.* at 4–5.  The Court further stated that to the extent that

18  plaintiff attempted to name state and federal agencies as defendants, these agencies were not

19  subject to suit under 42 U.S.C. § 1983.  *See id.* at 4.  Finally, the Court stated that to the extent

20  that plaintiff attempted to challenge the validity of state court proceedings regarding the

21  dissolution of his marriage and child support obligations, his claims are barred because the Court

22  does not have jurisdiction to review those state court decisions.  *See id.* at 5.

23

24

1         The Court warned plaintiff that if he failed to amend his proposed complaint or

2  adequately address the issues raised in the order to show cause on or before February 18, 2021,

3  the undersigned would recommend denial of his *in forma pauperis* application (Dkt. 1) and

4  dismissal of this action, including his state law claims, without prejudice. *See* Dkt. 5, at 6–7.

5         Plaintiff has taken no action in response to the Court's order to show cause. Therefore,

6  the undersigned recommends that plaintiff's *in forma pauperis* application (Dkt. 1) be **DENIED**,

7  that this matter should be **DISMISSED** without prejudice, and that the pending proposed motion

8  for preliminary injunction (Dkt. 4) be stricken from the docket.

9         Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

10  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

11  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

12  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

13  of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

14  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

15  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 19,**

16  **2021**, as noted in the caption.

17         Dated this 26th day of February, 2021.

18

19

20

21  J. Richard Creatura
    United States Magistrate Judge

22

23

24

REPORT AND RECOMMENDATION - 4